<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4109**

—————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

          v.

TRAVIS SINTELL DIALS,

               Defendant – Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00379-RBH-1)

—————————

Submitted:  February 9, 2010          Decided:  March 2, 2010

—————————

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

—————————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

—————————

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Rose Mary Sheppard Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Sintell Dials pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). In exchange for his plea, the Government dropped the two remaining charges in the indictment: one count of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Pursuant to a stipulation in the plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the district court sentenced Dials to seventy-eight months in prison. On appeal, Dials's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious issues for appeal, but questions whether the district court fully complied with Fed. R. Crim. P. 11 when conducting Dials's guilty plea and whether Dials's sentence was unreasonable or otherwise violated the law. Dials also filed a supplemental brief challenging his sentence on numerous grounds. For the reasons that follow, we affirm in part and dismiss in part.

The transcript of Dials's plea hearing demonstrates that the district court fully complied with Rule 11. Dials was informed of the rights he was giving up by pleading guilty; the

2

nature of the charges against him, what the government would have to prove for each charge at trial, and the penalties for each charge; the relevant fines and applicable forfeitures; and that only the court makes the ultimate determination on sentencing. Dials confirmed his understanding of this information, noted that his counsel had done everything Dials had asked, and reiterated numerous times that it was his desire to plead guilty. Finally, the district court ensured the existence of a factual basis for the plea. See Fed. R. Crim. P. 11(b).

In addition to the sentencing argument presented by counsel in the Anders brief, Dials filed a supplemental pro se brief in which he asserts that his sentence was unreasonable because the district court failed to correctly calculate his sentence under the Guidelines, to provide an explanation for the deviation from the Guidelines range, and to consider the factors in 18 U.S.C. § 3553(a) (2006). However, this court is without jurisdiction to address Dials's claimed sentencing errors. Under 18 U.S.C. § 3742(a)(1) and (a)(2) (2006), a defendant may appeal when the sentence "was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." If, as here, a defendant has pled guilty pursuant to a plea agreement that includes a specific sentence, he may only pursue an appeal under subsections (a)(3)

3

and (a)(4) only when "the sentence imposed is greater than the sentence set forth in such agreement." 18 U.S.C. § 3742(c)(1) (2006). Subsections (a)(3) and (a)(4) permit an appeal of a sentence that is greater than the Guidelines range or a sentence "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(3), (a)(4) (2006). The district court imposed a sentence of seventy-eight months, the exact term of imprisonment specified in the plea agreement. Because the sentence imposed was not greater than the stipulated sentence, Dials may appeal only pursuant to subsections (a)(1) and (a)(2). We conclude that the issues he seeks to raise do not fall within the parameters of § 3742(a)(1) or (a)(2).

First, Dials's sentence was not imposed in violation of the law. The presentence report determined that statutorily he could be sentenced to a maximum term of twenty years; there was no governing statutory minimum. The seventy-eight month sentence imposed on Dials is well below the statutory maximum and therefore not in violation of the law. Moreover, although Dials challenges the application of the sentencing guidelines as incorrect, where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the sentence is contractual and not based upon the Guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, application of

4

§ 3742 requires dismissal of Dials's appeal of his sentence for lack of jurisdiction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dials's conviction and dismiss that part of the appeal relating to his sentencing. This court requires that counsel inform Dials, in writing, of the right to petition the Supreme Court of the United States for further review. If Dials requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dials. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>